UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID JOE, | ) | Civ. 11-4147-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER REVERSING THE |
| | ) | DECISION OF THE |
| CAROLYN W. COLVIN, | ) | COMMISSIONER AND |
| Acting Commissioner, Social Security | ) | REMANDING WITH DIRECTIONS |
| Administration, | ) | TO AWARD BENEFITS |
| | ) | |
| Defendant. | ) | |

Plaintiff, David Joe, appealed the denial of his application for social security benefits by the Social Security Administration. Docket 1. The case was referred to United States Magistrate Judge John Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Docket 41. On May 1, 2014, Magistrate Judge Simko submitted his report and recommendation for disposition of this case to the court and recommended that the Commissioner's decision be reversed and remanded to grant plaintiff benefits. Docket 42. The Commissioner filed a timely objection. Docket 43. For the reasons set forth herein, Magistrate Judge Simko's report and recommendation is adopted.

**PROCEDURAL BACKGROUND**

Joe filed his application for benefits on May 11, 2009. AR 12, 171, 575. He alleged he was disabled because he had "major depression, type I diabetes, ptsd, hyperthyroidism, vitamin B12 deficiency, self mutilation and chronic fatigue syndrome." AR 175. His claim was initially denied on September 9, 2009. AR 79-81.

On reconsideration, Joe's claim was again denied. AR 77-78. Joe requested and was given a hearing before an Administrative Law Judge (ALJ). AR 33-73. On March 17, 2011, the ALJ determined that Joe was not disabled. AR 12-27, 575-90.

On August 31, 2011, the Appeals Council denied Joe's timely request for review. AR 1. Thus, the unfavorable March 17, 2011, decision became the Commissioner's final decision. On October 14, 2011, Joe filed a timely civil action in this court. Docket 1. This court ordered that the case be remanded for consideration of new evidence. While pending, Joe made a second claim for disability benefits for the period of April 1, 2011, to present. On September 27, 2012, the ALJ held that Joe was disabled and awarded him benefits as of April 1, 2011. AR 605-13. Soon after, on June 18, 2013, the same ALJ denied Joe's first claim that requested disability benefits for the time period before his April 1, 2011, claim. AR 520-32.

STANDARD OF REVIEW

This court's review of a magistrate judge's decision is governed by 28 U.S.C. § 636(b)(1); the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

An ALJ's decision must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence is 'less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.' " *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Maresh v. Barnhart*, 438 F.3d 897, 898 (8th Cir. 2006)); *see also*

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (reasoning that substantial evidence means "more than a mere scintilla"). In determining whether substantial evidence supports the ALJ's decision, the court considers evidence that both supports and detracts from the ALJ's decision. *Moore v. Astrue*, 623 F.3d 599, 605 (8th Cir. 2010) (internal citation omitted). As long as substantial evidence supports the decision, the court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have determined the case differently. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)).

The court reviews the Commissioner's decision to determine if an error of law has been committed, which may be a procedural error, the use of an erroneous legal standard, or an incorrect application of the law. *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011) (citations omitted). Issues of law are reviewed de novo with deference accorded to the Commission's construction of the Social Security Act. *See Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992).

In Joe's second claim for disability benefits, Joe was determined to be disabled by the ALJ, and he was awarded benefits commencing April 1, 2011. As a result, the only period in dispute in this pending claim for benefits is the period from November 24, 2008, through March 31, 2011. In essence, the issue boils down to determining "when" Joe became disabled.

The court has reviewed the lengthy fact section of Magistrate Judge Simko's report and recommendation. No objections to the facts have been filed by either

party and the facts appear to accurately reflect the record. As a result, this court adopts the facts as set forth in pages 4 through 32 of the magistrate judge's report and recommendation.

## DISCUSSION

The Commissioner disputes several legal conclusions in the report and recommendation. The Commissioner denies that the ALJ improperly ignored or weighed evidence in determining Joe's RFC. Specifically, the Commissioner denies that the ALJ failed to follow the court's order to incorporate the LaVelle report[1] and that he failed to consider Ms. Friest's treating notes and Joe's absenteeism. The Commissioner further disputes that the ALJ's findings were based on Joe's history of doing chores and hobbies by himself.

## I.   LaVelle Evidence

Magistrate Judge Simko found that the ALJ improperly failed to incorporate the LaVelle assessment into Joe's RFC under the law of the case doctrine. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings. . . ." *Brachtel v. Apfel,* 132 F.3d 417, 420 (8th Cir. 1997) (quoting *United States v. Bartsh,* 69 F.3d 864, 866 (8th Cir. 1995). The doctrine only applies, however, if the district court actually made a finding of fact. *Id.* at 421.

---

[1] This court, in finding good cause and that the evidence was material, ordered that the LaVelle evidence (noting that Joe had a low IQ) be considered by the ALJ on remand. Docket 30.

Here, the district court did not actually decide (make a finding of fact) that the LaVelle assessment must be given controlling weight in determining Joe's RFC. Rather, the court found that the LaVelle report was new and material evidence that needed to be considered by the ALJ in determining Joe's RFC on remand. As a result, the law of the case doctrine does not apply to the LaVelle assessment.

This court ordered that the new evidence be considered by the ALJ, and it appears it was considered. In fact, the LaVelle evidence is specifically mentioned by the ALJ in determining Joe's RFC and whether his limitations meet one of the listed impairments under 20 C.F.R. part 404, Subpart P, Appendix 1. AR 524, 529. Additionally, the ALJ specifically stated that he has given the LaVelle opinion "some weight." AR 529. Moreover, there is substantial evidence in the record to support the ALJ's finding that Joe can perform basic mental tasks.[2] LaVelle, herself, opined that Joe's IQ would not impede him from "do[ing] well with [a] basic level of understanding." AR 529. Other evidence in the record also supports the ALJ's finding. John Erpenbach and Melissa Hemmestad both noted that Joe did not have a reduced intellectual functioning. AR 265, 411-416. Additionally, Joe's hobby, computer programming, requires at least a basic level of mental functioning. AR 553-

---

[2] The ALJ incorrectly stated that the alleged onset date was July 1, 2007, AR 520. The claimant, however, amended his onset date to November 24, 2008. AR 575. Because of the incorrect onset date, the ALJ partly relied on a mistaken belief that Joe engaged in skilled work during his alleged period of disability when determining that the LaVelle assessment overstated Joe's limitations. There is, however, still substantial evidence in the record to support the ALJ's conclusion.

554. Therefore, the ALJ complied with this court's order to consider the LaVelle evidence and properly weighed the evidence against itself and the rest of the record.

Nonetheless, the court may disagree with some of a magistrate judge's reasons and yet still adopt the magistrate judge's recommendation. *ANR W. Coal Dev. Co. v. Basin Elec. Power Co-op.*, 276 F.3d 957, 964 (8th Cir. 2002).

## II.   Absenteeism

"[T]he ALJ must specifically demonstrate that he considered all of the evidence." *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004). For example, omission of evidence showing absenteeism is reversible error. *Baker v. Apfel*, 159 F.3d 1140, 1145-46 (8th Cir. 1998). But "an ALJ is not required to mention each medical report" and may focus on those reports that support his conclusion. *Thornton v. Astrue*, No. 08-1514, 2009 WL 2169029, at *1 (8th Cir. 2009); *see Wheeler v. Apfel*, 224 F.3d 891, 896 (8th Cir. 2000). Furthermore, "[a]n ALJ's failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000); *see also Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding it "highly unlikely that the ALJ did not consider and reject" particular statements from a physician when he had mentioned others).

The ALJ's RFC determination does not mention Joe's history of missing workdays. Joe had missed an average of two days a week at Walgreens before he was put on disability leave, and he had been fired from a previous job because of his absenteeism. AR 334, 550, 741-42. Substantial evidence in the record links Joe's absenteeism with his disability. Multiple medical providers wrote notes to Joe's

employer stating that his absence was medically necessary. AR 308, 311, 334, 550. Joe has a history of being fired from jobs because of his absenteeism. Additionally, Melissa Hemmestad opined that Joe was missing appointments due to anxiety and depression and that this was a good indicator that Joe could not work. AR 416. Gregory Magnuson, M.D., opined that Joe's depression and anxiety would cause him to miss multiple workdays every week. AR 230. Failure to incorporate Joe's absenteeism into his RFC is error because in the ALJ's RFC determination, the ALJ noted that Joe could "carry[] out simple and detailed, but not complex, tasks, . . . in a *routine* work environment." (emphasis added). In both hearings, the vocational expert stated that there were no jobs available for individuals who would miss an average of three or four workdays per month. AR 568, 671. Therefore, because substantial evidence in the record shows Joe experiences excessive absences from work due to his impairment, the ALJ's failure to include Joe's absenteeism in his RFC is reversible error. *Baker*, 159 F.3d at 1145-46.

Additionally, the ALJ discredited the testimony of Joe and his partner that Joe has two or three bad days a week where he misses work and cannot do any substantial gainful activity because of chronic fatigue. AR 559, 570. The ALJ reasoned that their testimony was not supported by medical opinions and that Joe's hobbies indicate Joe has a greater functioning than alleged. AR 527. Magistrate Judge Simko found that the ALJ erred in discrediting the testimony of Joe and his partner because their testimony was supported by the record and Joe's activity at home was not substantial support for dismissing Joe's subjective complaints of chronic fatigue.

An "ALJ may not disregard a claimant's subjective complaints . . . solely because there exists no evidence in support of such complaints. *Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir. 1983). The ALJ may only reject a claimant's testimony if it conflicts with the report of a treating physician or is inconsistent with the record as a whole. *Van Vickle v. Astrue*, 539 F.3d 825, 828 (8th Cir. 2008); *O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003). The ALJ must state why the record as a whole supports an adverse credibility determination, *see Dukes v. Barnhart,* 318 F.3d 923, 928 (8th Cir. 2006), and provide a detailed account "set[ting] forth the inconsistencies found." *Guilliams v. Barnhart,* 393 F.3d 798, 802 (8th Cir. 2005).

As Magistrate Judge Simko recognized, there are numerous medical records that support the testimony of Joe and his partner regarding Joe's chronic fatigue. Dr. Kidman diagnosed Joe with chronic fatigue[3] and noted that it was disruptive to Joe's work life. AR 795-96. Physicians assistant Mary Wuebben noted that Joe did nothing but sleep all weekend and was falling asleep at the wheel while driving. AR 309-10. Wuebben diagnosed Joe with a sleep disorder and prescribed Ambien to help him sleep. AR 312. But Kelly Bergeson, medical assistant, reported that Ambien did not help Joe sleep. AR 299. Dr. Magnuson opined that Joe's condition would cause him to miss multiple workdays every week. AR 230. P.A. Beth Amdahl opined Joe could only stand for around two hours, would need to elevate his legs, and would need two or three unscheduled fifteen-minute breaks. AR 381. And the reports of

---

[3] Chronic Fatigue Syndrome causes a debilitating and long-lasting tiredness that has no known cause. WebMD, http://www.webmd.com/chronic-fatigue -syndrome/default.htm  (last visited July 16, 2014).

Joe's counselor, Eileen Friest, document two years' worth of unyielding fatigue prior[4] to his alleged onset date. AR 419, 434, 435, 437-38, 439, 441. Therefore, the court finds that the ALJ erred in rejecting the testimony of Joe and his partner because their testimony is consistent with the record and did not conflict with any treating physician's report.

Moreover, Joe's activity while at home is not substantial evidence that Joe can function better than alleged. Chores and "insignificant duties" are not in themselves indications that a person can engage in substantial gainful activity. *See* 20 C.F.R. § 404.1571. *See also Thomas v. Sullivan,* 876 F.2d 666, 669 (8th Cir. 1989)(finding the "ability to do light housework with assistance . . . does not qualify as the ability to do substantial gainful activity"). Such findings, however, may indicate that an individual is capable of greater functioning than he alleges. *See Riggins v. Apfel,* 177 F.3d 689, 694 (8th Cir. 1999). Here, however, the record shows that Joe's partner did almost all the chores. AR 665-67. Additionally, Joe's hobbies consisted of crocheting, taking apart the same project over and over again, and entering and deleting his personal information into a computer program. AR 553-54. This evidence does not conflict with the testimony such that an adverse credibility determination can be made. Further, this evidence does not substantially support the ALJ's finding that on Joe's bad days he could concentrate on and "perform full-time competitive work," even if

---

[4] The Commissioner contends that the reports describe Joe's condition before his alleged onset date. While this is true, the evidence is relevant because it is consistent with his condition during the period in question and corroborates his testimony regarding his condition during the relevant time period.

the work was not complex. *Reed v. Barnhart,* 399 F.3d 917, 923 (8th Cir. 2005). Accordingly, the court accepts Magistrate Judge Simko's finding that the Commissioner failed to show that the testimony of Joe and his partner was inconsistent with the record and that such testimony is further evidence of Joe's disabling condition.

Because the ALJ's RFC did not adequately consider Joe's fatigue and resulting absenteeism from work, the court finds that the ALJ committed reversible error. If Joe's RFC had included a limitation that Joe would miss work one day a week, the evidence is undisputed that there were no jobs available in the economy for Joe. In both hearings, the vocational expert stated that there were no jobs available for individuals who would miss an average of three or four workdays per month. AR 568, 671. Any conclusion that Joe could work at a job while missing an average of three or four workdays per month is not supported by substantial evidence in the record. *See Douglas v. Bowen,* 836 F. 2d 392, 395 (8th Cir. 1987). Therefore, Joe was disabled during the time period in question and is entitled to an immediate award of back benefits for the same.

## CONCLUSION

The ALJ ignored Joe's absenteeism in his RFC determination and improperly discredited Joe and his partner's testimony about the severity of Joe's condition. Ordinarily, the court would remand "out of an abundance of deference to the agency's authority to make benefits determinations." *Ingram v. Barnhart*, 303 F.3d 890, 895 (8th Cir. 2002). Here, however, the evidence shows that Joe would be absent

consistently from work one to two days a week because of his fatigue. No doctor disputed this. The vocational expert conceded that if Joe missed an average of three or four workdays per month, he could not find work in the national economy. Furthermore, this particular case has been pending for nearly five years and has been read, reviewed, and briefed multiple times. An order to "remand would only delay matters longer."[5] *Id.* Therefore, it is

ORDERED that Magistrate Judge Simko's report and recommendation (Docket 42) is adopted as amended herein. The Commissioner's decision (AR 520-32) is reversed. This case is hereby remanded with directions to grant Joe benefits.

Dated August 4, 2014

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff, David Joe, filed his application for benefits on May 11, 2009. AR 12, 171, 175, 575. Joe's claim was initially denied on September 9, 2009, and again denied on January 12, 2010. AR 79-81. On January 26, 2011, and the Administrative Law Judge (ALJ) determined that Joe was not disabled. AR 12-27, 33-73, 575-90. Upon the Appeal Council's denial for review, Joe filed a timely civil action in this court. Docket 1. This court ordered that the case be remanded for consideration of the new LaVelle evidence. While pending, Joe made a second claim for disability benefits for April 1, 2011, to present, and was found disabled. AR 605-13. Soon after, the same ALJ denied Joe's previous claim requesting disability benefits for the time period before his April 1, 2011, claim (November 24, 2008-April 1, 2011). AR 520-32. The case was then referred to the magistrate judge, and now finally has made its way back here. Throughout this five-year process this case has had three hearings, three written decisions, a report and recommendation, and multiple briefs.